# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

CATHARINA LAAN,

         Plaintiff,

   v.

DEBBE LANCASTER, in her individual and official capacity as Yukon Flats School District Superintendent, *et al.*,

         Defendants.

Case No. 4:22-cv-00072-SLG

LEAD CASE

---

MICHELLE MCGOVERN,

         Plaintiff,

   v.

DEBBE LANCASTER, in her individual and official capacity as Yukon Flats School District Superintendent, *et al.,*

         Defendants.

Case No. 4:22-cv-00073-SLG

CONSOLIDATED

## ORDER ON MOTIONS FOR ATTORNEY FEES AGAINST CATHARINA LAAN AND MICHELLE MCGOVERN

Before the Court at Docket 37 in Case No. 4:22-cv-00072-SLG is Defendants Debbe Lancaster and Yukon Flats School District's Motion for Attorney Fees Against Catharina Laan. And at Docket 21 in Case No. 4:22-cv-00073 is Defendants' Motion for Attorney Fees Against Michelle McGovern. Neither Plaintiff responded to either motion.

Defendants seek an attorney's fee award of $26,602 from Catharina Laan and a fee award of $23,077 from Michelle McGovern pursuant to 42 U.S.C. § 1988. Defendants acknowledge that a court may award fees to a prevailing defendant in an action brought under 42 U.S.C. § 1983 only "when the plaintiff's civil rights claim is 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'"[1]  Although the Court granted summary judgment to Defendants on Plaintiffs' claims, it did so in a 22-page order and does not find Plaintiffs' claims to have been frivolous, unreasonable, or groundless.  For after all, each Plaintiff was terminated from her position with the school district because she refused to be vaccinated. A civil rights claim under § 1983 is not "frivolous" merely because the "plaintiff did not ultimately prevail."[2]

Accordingly, the motion at Docket 37 in Case No. 4:22-cv-00072-SLG and the motion at Docket 21 in Case No. 4:22-cv-00073-SLG are both DENIED.

Defendants are entitled to costs they seek in their bill of costs filed at Docket 38, as Plaintiffs have not overcome the presumption of taxing costs in favor of the prevailing party.[3]  The Clerk of Court is directed to amend the Judgment in each case to award costs to Defendants pursuant to the cost bill filed at Docket 38.

---

[1] *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

[2] *EEOC v. Bruno's Rest.*, 13 F.3d 285, 287 (9th Cir. 1993) (internal quotation omitted).

[3] *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

Case No. 4:22-cv-00072-SLG, *Laan v. Lancaster, et al.*
Order on Motions for Attorney Fees
Page 2 of 3
Case 4:22-cv-00073-SLG     Document 25     Filed 02/18/26     Page 2 of 3

DATED this 17th day of February, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 4:22-cv-00072-SLG, *Laan v. Lancaster, et al.*
Order on Motions for Attorney Fees
Page 3 of 3

Case 4:22-cv-00073-SLG     Document 25     Filed 02/18/26     Page 3 of 3